**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X
NATIONAL LIABILITY & FIRE INSURANCE CO., : Civil Action No.
: 15-CV-6352
Plaintiff, :
:
– against – : **COMPLAINT**
:
RICK'S MARINE CORP. and :
ADAM WEINSTEIN, :
:
Defendants. :
:
----------------------------------------------------------------------X

Plaintiff National Liability & Fire Insurance Company ("National"), by its undersigned attorneys, Nicoletti Hornig & Sweeney, as and for its Complaint against Defendant Rick's Marine Corp., *in personam*, and Defendant Adam Weinstein, *in personam*, alleges upon information and belief as follows:

## JURISDICTION & VENUE

1. This action is within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and presents an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as hereinafter more fully appears. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331, because of the jurisdiction specifically conferred by 46 U.S.C. § 31343.

2. To the extent that Plaintiff asserts any claim not within this Court's original jurisdiction, Plaintiff invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Plaintiff seeks a declaration that a certain vessel, the M/V PELAGIC as more fully described herein, is not subject to any maritime lien (or otherwise) asserted

by Defendant Rick's Marine Corp. and has been wrongfully detained by Defendant Rick's Marine Corp. on the basis of such false assertion.

4. The subject vessel is now found within this judicial district, as are Defendant Rick's Marine Corp. and Defendant Adam Weinstein.

**PARTIES & VESSEL**

5. Plaintiff National was and now is a corporation organized and existing under and by virtue of the laws of the State of Connecticut with a principal place of business in Omaha, Nebraska.

6. Defendant Rick's Marine Corp. is a corporation organized and existing by virtue of the laws of the State of New York with a principal place of business in Freeport, New York.

7. Defendant Rick's Marine Corp. maintains an office at 71 E. Bedell Street, Freeport, New York.

8. Rich Dillworth, with an address at 71 E. Bedell Street, Freeport, New York, is the agent for service of process registered by Defendant Rick's Marine Corp. with the New York Department of State, Division of Corporations.

9. Defendant Adam Weinstein is an individual domiciled in New York.

10. Defendant Adam Weinstein maintains a fixed, principal, and permanent home at 2 Sunset Drive, Chappaqua, New York 10514. Alternatively, Defendant Adam Weinstein maintains a fixed, principal, and permanent home at 1233 Beech Street, Unit 41, Atlantic Beach, New York.

11. The M/V PELAGIC is a 41'7", 22 net ton, 2007 Tiara 3900 Convertible model vessel assigned vessel number 1205925 by the USCG National Vessel Documentation Center.

## FACTUAL BACKGROUND

12. On or about June 19, 2014, Defendant Adam Weinstein purchased the M/V PELAGIC for the approximate amount of $290,000.00 from persons or entities not a party to this action.

13. Plaintiff National issued a certain marine insurance policy, effective June 19, 2014, through June 19, 2015, to Defendant Adam Weinstein for the M/V PELAGIC with an agreed-upon value and/or limit of liability of $290,000.00.

14. On or about November 22, 2014 (and in any event prior to May 8, 2015), Defendant Adam Weinstein brought the M/V PELAGIC to Defendant Rick's Marine Corp. for winterization and several repairs. The boat had no visible leaks, and was tight, staunch, and seaworthy, at the time Defendant Adam Weinstein delivered the M/V PELAGIC into the exclusive care, custody, and control of Defendant Rick's Marine Corp.

15. Upon information and belief, Defendant Rick's Marine Corp. winterized the vessel and stored it during the 2014-2015 winter. The winterization process included "DRAIN SW WASHDOWN, RUN NON-TOX THROUGH ALL DRAINS AND STAINERS. . . ." Further, Defendant Rick's Marine Corp. performed certain repairs, modifications, and/or alterations, to the vessel.

16.     On or about May 8, 2015, Defendant Rick's Marine Corp. commissioned the vessel for the 2015 season and launched the M/V PELAGIC during the afternoon of May 8, 2015.

17.     Within hours after Defendant Rick's Marine Corp. launched the M/V PELAGIC, it sank on May 8-9, 2015, while still in the exclusive care, custody, and control of Defendant Rick's Marine Corp.

18.     A salvage company floated the M/V PELAGIC and, thereafter, the vessel was brought ashore and placed in the shipyard of Defendant Rick's Marine Corp.

19.     As a result of the sinking, the M/V PELAGIC was a constructive total loss. Plaintiff National paid Defendant Adam Weinstein $290,000.00 (by way of check number 036320) in exchange for a proof of loss, bill of sale, power of attorney, and other valuable consideration. Plaintiff National incurred additional expenses as a result of the sinking of the vessel, including salvage and survey fees.

20.     Defendant Adam Weinstein subsequently issued a modified bill of sale, dated June 23, 2015, to Plaintiff National with an effective date of May 30, 2015 (hereinafter the "Bill of Sale"). A true and authentic copy of the aforementioned Bill of Sale is annexed hereto, and made a part hereof, as Exhibit "1."

21.     Thereafter, Plaintiff National advised Defendant Rick's Marine Corp. that it was sending its representatives to remove the M/V PELAGIC from Defendant Rick's Marine Corporation's marina.

22.     Defendant Rick's Marine Corp. advised Plaintiff National that Defendant Rick's Marine Corp. purportedly had a lien against the vessel, in an unspecified amount, for services rendered to Defendant Adam Weinstein on or before the date the

M/V PELAGIC sank and that Defendant Rick's Marine Corp. would not permit the vessel to be removed from the marina until all outstanding amounts owed to Defendant Rick's Marine Corp. had been paid.

23. Plaintiff National has demanded release of the M/V PELAGIC and Defendant Rick's Marine Corp. has repeatedly refused to relinquish the vessel.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including paragraph "23" as if fully set forth herein.

25. Upon information and belief, Defendant Adam Weinstein contracted with Defendant Rick's Marine Corp. to winterize and effectuate certain repairs to the M/V PELAGIC prior to the date the vessel sank.

26. Upon information and belief, Defendant Adam Weinstein has paid for all services performed by Defendant Rick's Marine Corp. and/or amounts charged by Defendant Rick's Marine Corp. (either in full or as compromised between the parties) in connection with the M/V PELAGIC.

27. On June 18, 2015, Defendant Adam Weinstein wrote to Defendant Rick's Marine Corp. and denied owing any amounts to Defendant Rick's Marine Corp. in connection with the M/V PELAGIC and declared that any lien asserted against the vessel "would be legally and factually improper."

28. Plaintiff National has paid to Defendant Rick's Marine Corp. all amounts owed (either in full or as compromised between the parties) for services Defendant Rick's Marine Corp. has performed in connection with the M/V PELAGIC requested, and/or agreed to, by Plaintiff National.

5

29. Upon information and belief, Defendant Rick's Marine Corp. has been fully compensated for services or necessaries it provided to the vessel at the request of Defendant Adam Weinstein or any other person or entity authorized to act on Defendant Adam Weinstein's behalf for the vessel.

30. Defendant Rick's Marine Corp. has been fully compensated for services or necessaries it provided to the vessel at the request of Plaintiff National or any other person or entity authorized to act on Plaintiff National's behalf for the vessel.

31. Defendant Rick's Marine Corporation's unlawful detainment of, and purported lien on, the M/V PELAGIC are clouds upon the title to the vessel and impair the use and marketability of the vessel.

32. In light of the foregoing, Plaintiff National is entitled to a declaration that Defendant Rick's Marine Corp. does not have a valid lien upon the M/V PELAGIC and Defendant Rick's Marine Corporation's detention of the vessel is wrongful.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including paragraph "23" as if fully set forth herein.

34. Plaintiff National and Defendant Adam Weinstein entered into a contract for the sale of the M/V PELAGIC on May 30, 2015.

35. Pursuant to the terms of the Bill of Sale (Ex. 1), Defendant Adam Weinstein warranted that the M/V PELAGIC "was free and clear of all liens, bills . . . or encumbrances of any nature or kind."

36. In the event that the Court determines that Defendant Rick's Marine Corp. has a valid lien upon the M/V PELAGIC then Defendant Adam Weinstein breached the terms of his sale of the M/V PELAGIC to Plaintiff National.

37. As a result of Defendant Adam Weinstein's breach(es) of the terms, conditions, and warranties of the Bill of Sale, Plaintiff National has suffered general and consequential damages, including, but not limited to, the impairment of the use and marketability of the M/V PELAGIC, diminution in value, costs and fees relating to the detention of the vessel and in securing the release of the vessel (including surveyor, salvage, and attorneys' fees), the cost of satisfying the lien, and other consequential damages.

38. By virtue of the foregoing, Defendant Adam Weinstein is liable to Plaintiff National for Plaintiff's aforementioned damages and for all amounts Plaintiff National is found to be owing to Defendant Rick's Marine Corp., including attorneys' fees and other consequential costs.

## AS AND FOR A THIRD CAUSE OF ACTION

39. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including paragraph "32" as if fully set forth herein.

40. On or about May 9, 2015, Defendant Rick's Marine Corp. took the M/V PELAGIC into its marina.

41. Plaintiff National is the owner of the M/V PELAGIC pursuant to the Bill of Sale attached hereto (Ex. 1) and is entitled to immediate possession of the vessel, and all its gear, fittings, and hardware.

42. Plaintiff National has demanded that Defendant Rick's Marine Corp. release and return the M/V PELAGIC to Plaintiff and/or its designated agents.

43. Defendant Rick's Marine Corp. is not the owner of the M/V PELAGIC.

44. Defendant Rick's Marine Corp. is not a recorded lien holder of the M/V PELAGIC.

45. The M/V PELAGIC has not been taken by Defendant Rick's Marine Corp. for any tax, assessment, or fine pursuant to law.

46. The M/V PELAGIC has not been taken by Defendant Rick's Marine Corp. under any execution or attachment against Plaintiff National's goods.

47. Defendant Rick's Marine Corp. has repeatedly refused to relinquish or return the vessel to Plaintiff National, and ever since has wrongfully detained the vessel and wrongfully converted the vessel to its own use.

48. Defendant Rick's Marine Corp. has unlawfully and wrongfully seized and continues to detain Plaintiff National's property, in particular the M/V PELAGIC.

49. By virtue of the foregoing, Defendant Rick's Marine Corp. is liable to Plaintiff for the conversion of the M/V PELAGIC and for all to the damage to the Plaintiff, including general and consequential damages, in amounts to be determined at trial.

50. As a direct and foreseeable result of Defendant Rick's Marine Corporation's actions, Plaintiff has suffered damages, including the impairment of the title, marketability, and use of the M/V PELAGIC, derogation of Plaintiff's rights with respect to its ownership of the M/V PELAGIC, and/or damage to Plaintiff National's property.

51.     Plaintiff claims as special damages a sum not less than the daily charter hire for a vessel comparable to the M/V PELAGIC, the depreciation of and any damages to the M/V PELAGIC while in Defendant Rick's Marine Corporation's wrongful possession, and for Plaintiff's attorneys' fees, interest, and the costs and disbursements of this action.

52.     Pursuant to law, including the Supplemental Admiralty Rules and/or any applicable state law remedies include C.P.L.R. § 7102, Plaintiff prays for an Order and Judgment directing the marshal or designated third-party to seize the M/V PELAGIC on behalf of Plaintiff from the unlawful possessor, Defendant Rick's Marine Corp., and awarding Plaintiff possession of the vessel together will all of Plaintiff's aforementioned damages.

## AS AND FOR A FOURTH CAUSE OF ACTION

53.     Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including paragraph "52" as if fully set forth herein.

54.     Prior to May 8, 2015, the M/V PELAGIC was delivered to Defendant Rick's Marine Corp. in a tight, staunch, and seaworthy condition.

55.     The M/V PELAGIC was delivered to Defendant Rick's Marine Corp. for the purposes of making sundry and certain repairs thereto, winterizing, and launching at the commencement of the 2015 boating season. The repairs and services were to be made in a workmanlike manner and the vessel M/V PELAGIC was to be returned to its owner in due course after the repairs should be completed and in first class working condition.

56. On May 8-9, 2015, while in the exclusive care, custody, and control of Defendant Rick's Marine Corp. the M/V PELAGIC sustained serious damage and sank by reason of the negligence and incompetence of the Defendant Rick's Marine Corp. and without any fault or negligence on the part of Plaintiff National or Defendant Weinstein.

57. The M/V PELAGIC sank as a result of Defendant Rick's Marine Corp. willful and wonton recklessness, negligence, carelessness, and/or wrongful conduct, including but not limited to Defendant Rick's Marine Corporation's failure to take good care of the vessel, failing to use reasonable and ordinary care in winterizing, repairing, maintaining, servicing, and/or launching the vessel, and in ways not yet known to Plaintiff but known to, or should have been known to, Defendant Rick's Marine Corp.

58. The M/V PELAGIC would not have sunk had Defendant Rick's Marine Corp. used reasonable care under the circumstances.

59. By reason of the foregoing, Plaintiff National, as the present owner and subrogated underwriter for the former owner, has suffered a total loss of the vessel, its gear, fittings, and hardware, all in the fair and reasonable value of not less than $290,000.00, plus consequential damages, including salvage costs, attorneys' fees, and interest.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in its favor as follows:

(i) against Defendant Rick's Marine Corp. declaring that the M/V PELAGIC is not subject to any maritime lien, mechanics lien, or other lien in favor of Defendant Rick's Marine Corp.;

    (ii) in the alternative, to the extent Defendant Rick's Marine Corp. has a lien against the M/V PELAGIC, then judgment against Defendant Adam Weinstein for breach of his sales contract with Plaintiff National warranting title to be free and clear of all liens and encumbrances, awarding Plaintiff National (1) general and consequential damages including, but not limited to, the impairment of the use and marketability of the M/V PELAGIC, diminution in value, costs and fees relating to the detention of the vessel and in securing the release of the vessel (including surveyor, salvage, and attorneys' fees), the cost of satisfying the lien, and all amounts Plaintiff National is found to be owing to Defendant Rick's Marine Corp. to clear title to the vessel, and (2) that the M/V PELAGIC be released to Plaintiff National while Defendant Rick's Marine Corp. disputes its claim with Defendant Adam Weinstein;

    (iii) directing the marshal or designated third-party to seize the M/V PELAGIC on behalf of Plaintiff from the unlawful possessor, Defendant Rick's Marine Corp. and awarding Plaintiff possession of the vessel together will all of Plaintiff's damages, costs, and expenses arising from the wrongful conversion of the vessel and arising from effectuating the release of the vessel;

    (iv) awarding to Plaintiff any diminution in the vessel's value due to the improper detainment or conversion of the property, the equivalent daily charter hire for a vessel comparable to the M/V PELAGIC, any damage to the vessel, and loss of market for the vessel since the time the M/V PELAGIC was lawfully sold to Plaintiff National through the date the vessel is released to Plaintiff National's custody;

    (v) awarding Plaintiff National its general and consequential damages as a result of Defendant Rick's Marine Corporation's wrongful and/or unworkmanlike

repairs, services, winterizing, and/or launching of the vessel resulting in its sinking and total loss;

   (vi) awarding to Plaintiff its costs and attorney's fees; and

   (vii) for such other and further relief this Court may deem just, equitable, and proper just.

Dated: November 5, 2015
   New York, New York

              Respectfully submitted,

              NICOLETTI HORNIG & SWEENEY
              *Attorneys for Plaintiff National Liability &*
              *Fire Insurance Co.*

             By:   s/William M. Fennell
              William M. Fennell, Esq.
              Wall Street Plaza
              88 Pine Street, Seventh Floor
              New York, New York 10005
              Tel: 212-220-3830
              E-mail: WFennell@NicolettiHornig.com
              Reference No.:  00001195

TO:

Rick's Marine Corp.
71 E. Bedell Street
Freeport, New York 11520

Adam Weinstein, Esq.
2 Sunset Drive,
Chappaqua, New York 10514

T:\wfennell\Complaint (FINAL).doc