```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

                Plaintiff,
                                        MEMORANDUM AND ORDER
          -against-                       15-CV-6352(DRH)

RICK'S MARINE CORP. and ADAM
WEINSTEIN,


                Defendants.
-------------------------------X
```

A P P E A R A N C E S:

For Plaintiff:
    Nicoletti Hornig & Sweeney
    88 Pine Street
    New York, New York 10005
       By: William M. Fennell, Esq.
           Guerric S.D.L. Russell, Esq.

For Defendant Rick's Marine:
    Kennedy Lillis Schmidt & English
    75 Maiden Lane
    New York, New York 10038
       By: Craig S. English, Esq.

For Defendant Adam Weinstein:
    Rosenberg & Pittinsky
    232 Madison Avenue
    New York, New York 10016
       By: Laurence D. Pittinsky, Esq.

HURLEY, Senior District Judge

   The purpose of this decision is to address the admissibility of the May 14, 2015 report of Accredited Marine Surveyor Anthony L. Fazio ("Fazio), proposed Trial Exhibit RMC-G, which was prepared for National Liability & Fire Insurance Company ("National" or "plaintiff") and offered into evidence by Rick's Marine Corp. ("RMC").

BACKGROUND

National insured co-defendant Adam Weinstein's ("Weinstein") vessel, the Pelagic, which sank within hours of being launched in early May 2014 by Rick Dillworth, the owner of RMC. National, operating through its related entity BoatU.S., hired Fazio to determine the cause of the sinking and the resulting damage. In a report dated May 14, 2015, Fazio opined, <u>inter</u> <u>alia</u>, that a defect in the salt water wash down system aboard the vessel – which counsel for RMC labels as a "latent defect"[1] – caused the loss, and that the dollar amount of damage matched the face amount of the insurance policy, to wit $290,000. Apparently based at least in part on Fazio's report, National paid Weinstein that sum pursuant to the terms of the insurance policy.

During the course of the non-jury trial before the undersigned, RMC sought to introduce Fazio's report into evidence. In doing so, it cited Federal Rules of Evidence 803(6) and 801(d)(2)(D), as predicates for admission. National objected, maintaining that RMC-G is not admissible under either Rule.

<u>Proffer Under Rule 803(6)</u>

As to Rule 803(6), National has the better side of the argument. Among other things, the necessary foundation for its

---

[1] Trial Transcript ("Tr.") at 5:5-10.

introduction has not been laid.  Absent from the trial record is any testimony by "the custodian or [other] qualified witness"[2] that "the [report] was kept in the course of a regularly conducted activity of a business" and that "the making of the [report] was a regular practice of that activity."  Rule 803(6)(B)(C)(D).  See Tr. at 55:9 to 62:17 vis-a-vis the proffer of RMC-G, and its conditional receipt into evidence with the condition being that RMC convinces the Court, based on its post-proffer submission, that Exhibit RMC-G is, contrary to my initial view, admissible.

While the Second Circuit "favors the admission of evidence [under Rule 803(6)] rather than its exclusion if it has any probative value at all" and "the principal precondition of admissibility" is whether the document "has sufficient indicia of trustworthiness to be [deemed] reliable," such considerations do not eliminate or lessen the need for the Rule's foundational requirements to be satisfied.  Phoenix Assoc. III v. Stone, 60 F.3d 95, 101, 110 (2d Cir. 1995).

In an effort to meet that imperative, counsel for RMC relies on the testimony of plaintiff's witness Vincent Corteselli ("Corteselli").  Corteselli at all relevant times was a "senior claims handler" for BoatU.S. Tr. at 11:17-18. BoatU.S., in turn,

---

[2] RMC did not seek to bypass the "custodian" requirement set forth in subdivision D "by a certification that complies with Rule 902(11) and (12).  Rule 803(6)(D).

is the "marine manager" for National.  Id. at 12:8-13.
Corteselli explained that it is "customary" in investigating
marine insurance claims to use a marine surveyor, like Fazio, to
obtain information bearing on causation and damages.  Id. at
55:9-24.  That input is then used by BoatU.S. and National in
making a decision on a particular claim.  Id. at 64:25 to 65:8.
Corteselli also testified that he is the custodian of the
insurer's claim file assembled for the Pelagic.  Id. at 13:9-20.

RMC's Rule 803(6) application turns not on Corteselli's
testimony regarding his role in evaluating marine insurance
claims but what is absent from that recitation, i.e. any
indication that post-accident survey reports,- like Fazio's –
"[are] kept in the course of a regularly conducted activity of
[National/BoatU.S. and the] making [of] the record was a regular
practice of that activity."  Rule 803(6)(B)(C).  That gap in the
proof is fatal to the proffer.

Considerations of basic fairness suggests to me,
however, that RMC should be afforded the opportunity in this
ongoing non-jury trial to fill that void.  Indeed, RMC's attorney
indicated in the midst of his cross examination of Corteselli —
after the Court expressed its reservations about counsel's Rule
803(6) proffer — that he could establish that Fazio's Report was
a business record if he could inquire further.  Tr. at 57:25 to
58:19.  At that point, however, the evidentiary discussion

refocused on Rule 801(d)(2)(D) never to return to the Rule 803(6) "loose end."

Consistent with RMC's position, it is well settled that "insurance carrier's investigative reports may sometimes fall under the business records exception to the hearsay rule." Rizkallah v. Forward Air, Inc., 2009 WL 3029309, at *2 n.4 (S.D.N.Y. Sept. 29, 2009); see also United States Underwriters Ins. Co. v, ITG Dev. Group, LLC, 294 F. Supp. 3d 18, 28-30 (E.D.N.Y. 2018). Therefore, if RMC wishes to recall Corteselli or present another qualified witness in an effort to cure the present deficiency in proof, he may do so when the trial resumes on November 13 provided he furnishes appropriate notice to other counsel and the Court on or before November 2, 2018.

Should RMC elect to pursue the matter further, it should be prepared to discuss which portions of RMC-G call for redaction as "hearsay statements made by a person who had no duty to report," United States v. Bortnovsky, 879 F.2d 30, 34 (2d Cir. 1989), such as Rick Dillworth's observations and conclusions as to the purported reasons for that the calamity.[3] And once the

---

[3] See "Findings and observations" portion of Fazio's May 14, 2015 "Preliminary Report," particularly paragraph 14 which reads as follows: "In the lazarette compartment accessed through the center cockpit deck hatch (and by lifting out of a well liner) there is a salt water wash down pump supply thru-hull fitting with sea cock that <u>reportedly had a hose clamp fail with the sea cock open</u>. The hose detached from the fitting allowing raw water to flood in <u>according to Rick Dillworth</u>." RMC-G at 3 (emphasis added).

hearsay deletion process is accomplished what relevant information remains?

Similarly warranting discussion should RMC resurrect its Rule 803(6) application concerns whether RMC-G is sufficiently trustworthy to be received into evidence if a proper foundation is laid. As underscored by National pursuant to subdivision (E) of Rule 803(6), Fazio, as the report's author, has significant reservations in that regard as evidenced by following excerpt from his June 19, 2015 e-mail to claims adjuster John Middleton:

> Did I mention that when the clamp is set onto the hose, it seems impossible to shake it off despite the fact that the band parted? I was wondering how then, it ended up off the hose and found lying in the bilge? This was again confirmed by Rick Dillworth today to Roy Scott.

Ex. AW-X, NATO 531.

In sum, Fazio's May 14, 2015 report, prepared for plaintiff and which defendant RMC seeks to introduce into evidence, has not been shown on the record as it now stands to be a business record under Rule 803(6). Accordingly, insofar as RMC seeks to introduce RMC-G into evidence as such, the application is denied. That denial is without prejudice, however, subject to the terms and conditions set forth <u>supra</u>.

### Proffer Under Rule 801(d)(2)(D)

Rule 801(d)(2)(D) provides in essence that a statement

-6-

made by a party's agent on a matter within the scope and during the existence of that relationship offered against an opposing party is not hearsay; rather, is deemed an admission.

RMC maintains that RMC-G is not only a business record but is also is admissible as an admission by an agent of National under Rule 801(d)(2)(D). But that argument is flawed because Fazio is an independent contractor hired by BoatU.S. to perform a specific task, to wit, to prepare a marine survey setting forth (1) the reason or reasons leading to the sinking of Weinstein's vessel following its launching by Dillworth of RMC and (2) to identify the resulting damages. That task was performed by Fazio absent any control, supervision or other meaningful involvement being furnished by plaintiff. In fact, Corteselli never even saw the Pelagic. Tr. at 51:3-4. Given the autonomous nature of Fazio's activities in preparing RMC-G, the work product is that of an independent contractor and may not legitimately be labeled as that of a National agent for Rule 801(d)(2)(D) purposes. United States v. Bonds, 608 F.3d 495, 505 (9th Cir. 2010)(It is not that an independent contractor can't also be an agent under Rule 801(d)(2)(D). But the linchpin of the analysis is determining whether a particular individual qualifies as both depends on the extent of control exercised by the principal); Dora Homes, Inc. v. Epperson, 344 F. Supp. 2d 875, 884 (E.D.N.Y. 2004); see generally, 5 Weinstein's Federal Evidence, § 801.33(b)

and n.12.

For the reasons indicated, Fazio's report, RMC-G, is not admissible under RMC's alternate theory because Fazio was not acting as an agent of National.

CONCLUSION

RMC has sought to introduce Exhibit RMC-G into evidence under Federal Rules of Evidence 803(6) and 801(d)(2)(D). As the record now stands, it is not admissible under either. However, as to the Rule 803(6) proffer, the denial is without prejudice to counsel continuing his effort to lay a foundation subject to the conditions and concerns set forth supra.

SO ORDERED.

Dated: Central Islip, New York
      October 19, 2018

_____
DENIS R. HURLEY, U.S.D.J.